After stating the nature of the action, explaining the object of the several counts in the declaration, reading the slanderous words laid in them, and explaining the office of an inuendo, he remarked, that the matter of complaint which the defendant was called upon to answer in this action, was in substance reduced to this: that he had falsely and maliciously charged the plaintiff with feloniously stealing ten dollars enclosed by the defendant in a letter to his sister, which he entrusted to the plaintiff to deliver to her. The defendant having withdrawn the plea of notguilty, rests his defence on the plea of justification;
that is, he alleges the charge to be true, that the plaintiff did steal the money from the letter. The whole case then is confined to that single point; which being a question of fact, is exclusively for the determination of the jury. The burden *Page 378 
of proof is on the defendant. He must stand or fall upon hisplea of jutsification; and therefore, he cannot impeach the plaintiff's general character, nor has he attempted to do so. For the same reason, that is, because the character which the plaintiff has heretofore sustained, is not put in issue under the plea of justification, the court refused to permit the plaintiff to go into evidence of his general good character for honesty and integrity. The law presumes it to be good in these respects; and he stands before the jury, with all the benefit arising from such presumption.
The defendant then must prove, that the words uttered by him are true in substance, and in fact, as to all the material parts of the slander; and the charge must be made out by positive or circumstantial evidence, with the same precision that would be required on an indictment for larceny. No suspicions, however strong, will amount to a justification. If the defendant has clearly established the truth to the satisfaction of the jury, he is entitled to their verdict; but if he has failed to do so, their verdict ought to be rendered for the plaintiff.
Supposing the verdict to be for the plaintiff, the only question then is, as to the amount of damages. This is exclusively with the jury to determine, and is entirely in their discretion. The measure of damages in this action, is the extent of the injury which the party slandered, has sustained. But as malice is the essence or gist of the action, the amount of damages mainly depends upon the degree of malice and the wantonness and malignity of intention on the part of the defendant to injure the plaintiff. Malice is either express or implied. Express malice is where the act arises from ill-will, from a malevolent design towards an individual, of doing him mischief. Implied malice is, where the wrongful act is intentionally done, without just cause or excuse. When slanderous words impute a crime and are in themselves actionable, the law presumes malice. In the present case, the defendant admits that he spoke the words laid in the declaration. If false, as they impute a criminal charge, the law implies malice, and presumes the plaintiff is injured and entitled to damages.
If in addition to the speaking of the words, the defendant was actuated by express malice, the jury may give exemplary or vindictive damages. Where the defendant pleads a justification, without any other plea, and the plea of justification is wholly unsupported by the proof; or if the evidence offered is frivolous or groundless, or if it appears *Page 379 
that the plea, not being proved, is used with the intention of wantonly or malignantly attacking the plaintiff's character, or wounding his feelings, it is evidence of express malice, and presents a proper case for exemplary damages. But the mere fact of putting in the plea of justification, and failure fully to sustain it by such precision of proof as is necessary on an indictment, are not to be considered inall cases, as evidence of express malice, and as calling for exemplary damages. If a defendant having reasonable cause and good grounds to believe the plaintiff guilty of theft, and having evidence in his power creating a strong presumption of guilt, puts in the plea of justification, honestly believing the charge to be true, but his proof turns out, in the estimation of a jury, to be insufficient to establish the charge beyond a reasonable doubt; the extenuating circumstances tending to show the absence of express malice, may properly be taken into consideration by the jury, in mitigation of damages. In such a case, the defendant is driven to the plea of justification, since the decision of this court in Waggstaff vs. Ashton, 1Harr. Rep. 506, where it is laid down, that evidence of the truth of the words is not admissible either in bar of the action, or in mitigation of the damages, unless specially pleaded; and that neither the truth, nor facts tending to establish the truth, can be proved under the general issue.
It is then for the jury to say, from the acts and declarations of the defendant and all the other testimony in the cause, whether he was actuated by express malice. If he was, they are warranted in giving exemplary or vindictive damages. If he was not, the jury ought not to give damages beyond the extent of the injury which the plaintiff has sustained.
 Verdict for the plaintiff; damages $100.